***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, rehear the parties or their representatives, or amend the Opinion and Award. The Full Commission hereby affirms the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. On all relevant dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On all relevant dates, an employee-employer relationship existed between plaintiff-employee and defendant-employer.
3. The carrier liable on the risk is correctly named.
4. On all relevant dates, plaintiff's average weekly wage was $840.00.
5. At the hearing, the parties submitted the following:
 a. A Packet of Medical Records, which was admitted into the record and marked as Stipulated Exhibit (2);
 b. A Packet of Industrial Commission Forms, which was admitted into the record and marked as Stipulated Exhibit (3);
 c. Plaintiff's Answers to and Responses to Defendant's First Set of Interrogatories and Request for Production of Documents in I.C. No. 730329, which were admitted into the record and collectively marked as Stipulated Exhibit (4);
 d. Defendant's Answers to Plaintiff's First Set of Interrogatories, which were admitted into the record and collectively marked as Stipulated Exhibit (5);
 e. Plaintiff's Answers to and Responses to Defendant's First Set of Interrogatories and Request for Production of Documents in I.C. No. 755767, which were admitted into the record and collectively marked as Stipulated Exhibit (6), and;
 f. Plaintiff's Employment File from McCarter Electric, which was admitted into the record and marked as Stipulated Exhibit (7). *Page 3 
6. Subsequent to the hearing, the record remained open to permit the parties to submit depositions and additional documentary evidence. The parties have since submitted the depositions of Dr. Scot Reeg and Dr. John Hardy, which are admitted into the record, along with a proposed Opinion and Award. The record in this matter was duly closed on March 17, 2008. This matter is now ready for decision.
7. The issues to be determined are as follows:
 a. Whether plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on February 2, 2007 and if so, to what indemnity and medical compensation, if any, is he entitled.
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. As of the hearing date before the Deputy Commissioner, plaintiff was thirty-nine (39) years of age with his date of birth being September 19, 1968. Plaintiff is a high school graduate and attended one-year of community college. Plaintiff's employment history includes working in residential housing construction, and in the industrial electrical and industrial instrumentation fields.
2. Prior to working for defendant-employer, plaintiff sustained a back injury in 2002 for which he received conservative treatment until his release from Dr. Scot Reeg's care in 2004. Plaintiff filed a workers' compensation claim for this incident, which is the subject of I.C. No. 755767. *Page 4 
3. Plaintiff's employment with defendant-employer began in late January 2007 and his job involved mounting electrical control panels. In this capacity, plaintiff was required to lift the panels to drill them into place. Plaintiff's duties also required significant walking, crawling, climbing ladders and platforms and pulling wire.
4. Plaintiff testified that while working for defendant-employer manning control panels that required some lifting and drilling, he began experiencing pain in his spine that radiated into his legs. Plaintiff further testified that his pain was severe enough to cause him to limp. Plaintiff completed his work on the day of his injury despite no decrease in his pain.
5. According to plaintiff, he did not immediately report his condition because he had just started working for defendant-employer and did not want to lose his job.
6. At the hearing before the Deputy Commissioner, plaintiff was unable to recall the exact date of his injury, but believed it occurred after he had worked for defendant-employer for two or four days. Plaintiff was also unable to recall the time of day of his alleged injury or any event that caused his alleged injury.
7. The day following the date upon which plaintiff was injured, he reported to work while continuing to experience pain. On that date, plaintiff telephoned Dr. Reeg for an appointment. During his attempt to contact Dr. Reeg by telephone, Ms. Jennifer Powell, defendant-employer's Environmental Health and Safety officer, entered the office. Plaintiff testified that he then informed Ms. Powell that he was experiencing back pain and was attempting to contact his physician. Plaintiff further stated that he did not inform Ms. Powell that his back condition was work related because he was concerned that he would lose his job if he did. Ms. Powell testified that she specifically asked plaintiff whether he had injured himself at work and that he responded that he had not. *Page 5 
8. After determining that Dr. Reeg was unavailable, plaintiff sought treatment at Inner Banks Internal Medicine on February 2. At that facility, plaintiff was diagnosed as having lumbosacral pain and sciatica. Records from Inner Banks Internal Medicine reflect that plaintiff reported back and right leg pain that he began experiencing approximately two weeks prior. The records also reflect that plaintiff reported having sustained no known injury. Plaintiff was then referred to physical therapy. Plaintiff paid for this medical appointment.
9. Thereafter, plaintiff did not return to work for defendant-employer as he was terminated. Plaintiff testified that he was informed he no longer had a job because he had to be totally cleared physically for work. Following his termination, plaintiff did seek work immediately with another industrial contractor on the same job site.
10. The circumstances of plaintiff's termination were confirmed by Mr. Jon Yuhas, defendant-employer's business manager. Mr. Yuhas testified that the company did not want plaintiff on the job site if he was going to be a liability due to his physical condition.
11. Plaintiff also sought treatment from Dr. John Hardy at East Carolina Neurology on March 27, 2007. Plaintiff reported to Dr. Hardy that he had performed a series of heavier lifting on or about January 29, 2007. However, the credible evidence of record is that plaintiff did not report to Dr. Hardy having injured his back while mounting electrical control panels. Dr. Hardy recommended that plaintiff undergo an MRI and diagnosed plaintiff as having a right side disc herniation as opposed to his 2002 left side back condition. Plaintiff returned to Dr. Hardy on April 3, 2007, at which time Dr. Hardy began plaintiff on a regime of steroids injections.
12. Plaintiff's condition was improved by the steroid injections, but he was unable to complete his physical therapy due to financial reasons. *Page 6 
13. Dr. Hardy testified that there was no way to know for certain whether the events plaintiff reported to have occurred on January 29, 2007 while doing a series of heavier lifting caused the condition he diagnosed. Dr. Hardy was also unable to opine that the events plaintiff described exacerbated any pre-existing problem in his back.
14. As for his vocational efforts, plaintiff returned to work with McCarter Electric for a period of time, but was terminated for not being on time and missing days from work. At the time of the hearing before the Deputy Commissioner, plaintiff was employed with Eastern Omni as an electrician.
15. There is insufficient credible evidence of record upon which to conclude that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident or otherwise on or about January 29, 2007 or February 2, 2007.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. There is insufficient credible evidence of record upon which to conclude that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer in the form of a specific traumatic incident or otherwise on or about January 29, 2007 or February 2, 2007. N.C. Gen. Stat. § 97-2(6).
2. Because plaintiff did not sustain a compensable injury by accident to his back while working for defendant-employer, he is not entitled to indemnity or medical compensation. N.C. Gen. Stat. §§ 97-2(6); 97-25. *Page 7 
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and is hereby DENIED.
2. Each side shall pay its own costs.
This the 3rd day of November 2008.
 S/_______________________
 DANNY LEE MCDONALD
 COMMISSIONER
CONCURRING:
S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_______________________ DIANNE C. SELLERS COMMISSIONER